IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIFFANY REMINGTON, )
)
    Plaintiffs, )
)
v. ) CASE NO. 1:17-cv-750-TFM
) [wo]
SHWINCO ARCHITECTURAL )
PRODUCTS, LLC, *et al.*, )
)
    Defendants. )

## **MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties pursuant to 28 U.S.C. § 636(c). *See* Docs. 24-26. Pending before the Court is the Defendants' Motion to Compel Arbitration and Stay the Proceedings Pending Arbitration and brief in support (Docs. 19-20, filed 2/6/18). Plaintiff originally filed a response in opposition (Doc. 29, filed 3/7/18). A few days later the parties filed a Joint Stipulation to Refer the case to Arbitration and Stay the Underlying Proceedings Pending Arbitration (Doc. 30, filed 3/12/18). After a review of the motion, response, and relevant law, the Court GRANTS the Motion to Compel Arbitration (Doc. 19) and Stipulation (Doc. 30).

### I. PARTIES AND BACKGROUND

Plaintiff Tiffany Remington ("Remington" or "Plaintiff") filed this lawsuit on November 3, 2017 for alleged discrimination based on sex, race, and retaliation by Shwinco Architectural Products, LLC ("Shwinco") and Steven Jerome Hamilton ("Hamilton"). Plaintiff brings her causes of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII") and 42 U.S.C. § 1981 (hereinafter "§ 1981"). Plaintiff also asserts

claims pursuant to this Court's supplemental jurisdiction for invasion of privacy, assault and battery, outrage, negligent/wanton training, supervision, and/or retention. She seeks declaratory judgment, injunctive relief, and other equitable remedies to include backpay, reinstatement, compensatory damages, punitive damages, costs, attorneys' fees, and expenses. *See* Doc. 1.

On January 17, 2018, Defendants timely filed their Answer. *See* Doc. 14. Shortly thereafter on February 6, 2018, Defendants file a motion to compel arbitration and motion to stay proceedings pending arbitration. *See* Docs. 19-20. Attached to the brief is Plaintiff's employment application from December 17, 2013. At the end of the application, there is a provision where Remington initialed and signed which stated "This is to advise you that it is the Company's policy to submit all employment-related disputes that cannot be resolved informally to binding arbitration. If you are offered a job with the Company, your hiring is conditioned upon your agreement to submit any employment-related disputes you may have with the Company to arbitration. Upon a conditional offer of employment, you will be provided with copies of the Company's arbitration policy and agreement. If you choose not to agree to binding arbitration, any offer of employment extended to you will be withdraw." *See* Doc. 21, Ex. A at p. 4.

Initially Plaintiff opposed the motion to compel arbitration. *See* Doc. 29. She asserts that Defendant failed to carry its burden that a valid contract existed between Plaintiff and Schwinco because they failed to submit a copy of "the arbitration policy and agreement" referenced in the employment application. *Id*. Alternatively, Plaintiff requested limited discovery in order to determine (1) if any such policy or agreement existed; (2) whether plaintiff was ever provided said documents or the opportunity to review them; and (3) whether any ostensible arbitration policy or agreement are unconscionable or unenforceable. Finally, Plaintiff states she cannot

bear the burden of any agreement which would require her to pay or share fees and costs related to arbitration. *Id.*

On March 12, 2018, the parties filed a joint stipulation to send the case to arbitration and stay these proceedings pending arbitration. *See* Doc. 30. The parties reached an agreement to arbitrate all claims related to this matter. "Defendant Schwinco has agreed to pay all fees associated with arbitration including, but not limited to, the filing fee, the arbitrator's fees, and administrative costs. Defendant's agreement to pay any fees associated with arbitration excludes Plaintiff's attorneys' fees and expenses. The parties also stipulate to submit the case to arbitration before the American Arbitration Association." *Id*. at p. 1.

## II. DISCUSSION AND ANALYSIS

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* controls cases where arbitration is at issue. Section 2 of the Federal Arbitration Act ("FAA") provides in relevant part:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 1745, 179 L. Ed. 2d 742 (2011) (citations & internal quotation marks omitted). 9 U.S.C. § 3 provides for the stay of proceedings in federal district courts when an issue in the proceedings is referable to arbitration. The stay is mandatory, precluding the exercise of discretion by a district court. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L.Ed.2d 158 (1985); *John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 et seq., a district court *must*

grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute.") (emphasis added).

"Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements." *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (citing *Perry v. Thomas*, 482 U.S. 483, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987)). Therefore, the Court looks to Alabama law to determine whether an enforceable arbitration agreement exists. Further, the claims asserted by Plaintiff are subject to mandatory arbitration where (1) a valid agreement to arbitrate exists, (2) the claims fall within the scope of that agreement, and (3) the underlying contract evidences a transaction involving interstate commerce. *See* 9 U.S.C. § 2; *King v. Cintas Corp.*, 920 F. Supp. 2d 1263, 1267 (N.D. Ala. 2013); *Maddox v. USA Healthcare-Adams, LLC*, 350 F. Supp. 2d 968, 972-73 (M.D. Ala. 2004) (noting Title VII and § 1981 claims may be subject to mandatory arbitration).

Based on the evidence currently before the Court, the undersigned finds that there is sufficient evidence to substantiate that an agreement to arbitrate exists and that the claims fall within the scope of the agreement. The documentation attached to the Defendants' motion is an application for employment and not the actual arbitration policy and agreement. This alone would normally not be sufficient in light of Plaintiff's affidavit in her response in opposition. However, it is evidence that the company's typical policy is to arbitrate. However, the joint stipulation filed by the parties *does* constitute an agreement between the parties to arbitrate these matters.[1] Thus, the Court need not further analyze first two conditions and determines a valid agreement to arbitrate eists and the claims fall within the scope of that agreement. Thus, the

---

[1] Alabama law is clear that "an attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." Ala. Code § 34-3-21.

Court turns to the final requirement – the underlying contract evidence a transaction involving interstate commerce.  The Court finds that precondition is also satisfied because Shwinco is in the business of manufacturing and selling windows to customers in multiple states and also materials are purchased across state lines.  *See* Doc. 20, Ex. B at ¶ 6-9.  "[I]f an organization engages in business across state lines, has any portion of its assets generated as a result of any activity across state lines, or engages in any business that may be regulated by the Congress pursuant to powers granted in the Commerce Clause, then FAA jurisdiction is the appropriate mechanism for settling a dispute where a valid arbitration agreement has been executed." *Maddox*, 350 F. Supp. 2d at 973-74.

Based on the above, the Court is satisfied that the parties have agreed to arbitrate the matters and the prerequisites for doing so have been satisfied.  Therefore, the Court will refer the case to arbitration and stay this matter by administratively closing the case.

### III. CONCLUSION

Based on the analysis contained in this Memorandum Opinion, it is ORDERED that this the Motion to Compel Arbitration (Doc. 19) as stipulated (Doc. 30) is GRANTED.  This matter is stayed and administratively closed pending arbitration.  The parties shall file a joint status report every ninety (90) days (commencing on June 29, 2018), setting for the status of the dispute, the schedule for arbitration, and the outcome of arbitration.

The Clerk of Court is DIRECTED to administratively close this case.

DONE this 23rd day of March, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE